UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JOVAN ORTIZ,

                           Plaintiff,

             -v-

THE CITY OF NEW YORK, New York City
Police Department Police Officer BENNY
LANTIGUA and POLICE OFICER COLLINS
Shield No. 4567, P.O. JOHN DOE 1 through
5, SUPERVISORY OFFICER RICHARD ROE
1 and 2 (the names John Doe and Richard
Roe being fictitious, as the true names and
shield numbers are not presently known), in
their individual and official capacities,

                           Defendants.

----------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

SUMMONS ISSUED
CV 13 4399
DEARIE, J.
ORELSKY, M.J.

Plaintiff, through his attorney PAUL THOMAS LAYTON, alleges the following, upon information and belief, as his Complaint:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought to vindicate plaintiffs rights under Article 1, Section 6 of the Constitution of the State of New York, the laws of the State of New York, and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, as amended, codified as 42 U.S.C. § 1983.

2. Plaintiff rights were violated when officers of the New York City Police Department (NYPD) unconstitutionally used gratuitous, unlawful force against the plaintiff by improperly applying handcuff restraints to him which were so tight and kept upon him for such a long period of time that the plaintiff suffered serious and severe pain and traumatic neuropathy; furthermore the handcuffs were not only tightened excessively, they were not double locked upon the wrists of the plaintiff and were improperly placed so that they

compressed his nerves causing serious injuries; the nerve damage included radial and/or median nerve injury secondary to the handcuffing; plaintiff's nerve injury was so severe that he developed left wrist drop; plaintiff also had parathesia to his forearm and a "tingling" sensation in both of this hands; this unconstitutional use of unlawful force was applied despite knowing there was no justification for this use of force; despite plaintiff's request that the handcuffs be loosened and that they were too tight causing him pain and that he could not feel his hands the officers ignored plaintiffs pleas and the handcuffs were not loosened; plaintiff was deprived of his constitutional, statutory and common law rights. Officers who were made aware that the plaintiff's handcuffs were causing him pain and injury failed to intervene to prevent the harms to plaintiff.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and for violations of plaintiffs rights under Article 1, Section 12 of the Constitution of the State of New York, and the laws of the State of New York.

5. Pursuant to New York State General Municipal Law § 50-e, plaintiff JOVAN ORTIZ, filed a Notice of Claim with the New York City Comptroller and the Comptroller designated the claim as number 2013PI018847.

6. Plaintiff's claims were not adjusted by the New York City Comptroller's Office.

7. Venue is properly laid in the Eastern District of New York under 28 U.S.C. 1391(a)(b) and (c); the Eastern District of New York is the District where the claim arose.

8. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343.

## PARTIES

9. Plaintiff, JOVAN ORTIZ, is and was at all times relevant to this action a resident of the County of New York and State of New York.

10. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. New York City Police Department ("NYPD") Officer ("P.O.") BENNY LANTIGUA, POLICE OFFICER COLLINS Shield No. 4567, P.O. JOHN DOE 1 through 5, and SUPERVISORY OFFICER RICHARD ROE 1 and 2 (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The individual defendants are being sued herein in their individual and official capacities under federal law.

13. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14. The true names and shield numbers of defendants P.O. JOHN DOE 1 through 5 and SUPERVISORY OFFICER RICHARD ROE 1 and 2 are not currently known to the plaintiff.[1] However, they are employees or agents of the NYPD. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said

officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.[1]

15. The individual defendants" acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiffs rights.

16. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

17. Plaintiff JOVAN ORTIZ was arrested on August 18, 2012, at approximately 6:30 PM at 625 Atlantic Avenue in the County of Kings, City and State of New York.

18. When plaintiff JOVAN ORTIZ was arrested he was rear handcuffed and placed in a police vehicle. He was transported to the 088th police precinct located at 298 Classon Avenue sometime between 6:30 PM and 7:40 PM; during this transport the plaintiff was placed in handcuffs which were tightened excessively; the handcuffs were not double locked.

19. The plaintiff JOVAN ORTIZ was transported in handcuffs from the 088th Precinct at 298 Classon Avenue in the County of Kings, City and State of New York to Brooklyn Central Booking for further processing.

20. During the transfer from the precinct to Central Booking the plaintiff was placed in handcuffs which were tightened excessively; the handcuffs were not double locked.

21. Upon information and belief plaintiff was handcuffed and transported to the police precinct by P.O. BENNY LANTIGUA and P.O. COLLINS Shield No. 4567.

22. While plaintiff was being transported to the precinct he was not placed in a seatbelt.

23. The Police Officer driving the police vehicle in which the plaintiff was being

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

transported drove at an excessive speed for the road conditions which existed *en route* to the precinct; furthermore, the Police Officer driving the vehicle made sudden turns and stops all causing the plaintiff who was not properly seat belted in the vehicle to be thrown about the interior of the vehicle.

24. The handcuffs were applied so tight that the plaintiff was in pain.

25. The handcuffs compressed nerves in the Plaintiff's wrists and caused plaintiff pain.

26. Although the plaintiff complained of his pain and tight handcuffs to the Police Officers transporting him to the precinct, the handcuffs were not loosened.

27. The Plaintiff repeatedly complained of the pain he was suffering from the tight handcuffs and that he wanted the handcuffs to be loosened or adjusted but the handcuffs were neither loosened nor adjusted.

28. During his ride to the precinct, the plaintiff JOVAN ORTIZ was thrown about the interior of the police vehicle while handcuffed; the reckless manner in which he was transported and the manner in which the officer drove the vehicle in which plaintiff was seated caused the handcuffs to compress his nerves in his wrists and caused plaintiff pain.

29. At the 088th Precinct the Plaintiff was processed for the arrest by the New York City Police Department including the Police Officers hereinabove mentioned.

30. Plaintiff was transported from the 088th Precinct to Brooklyn Central Booking.

31. Before being transferred from the 088th Precinct to Brooklyn Central Booking the Plaintiff was handcuffed by Police Officer BENNY LANTIGUA.

32. Before being transferred from the 088th Precinct to Brooklyn Central Booking the Plaintiff was handcuffed by Police Officer COLLINS Shield No. 4567.

33. While plaintiff was being transported to the Brooklyn Central Booking he was not placed in a seatbelt.

34. The Police Officer driving the police vehicle in which the plaintiff was being

transported drove at an excessive speed for the road conditions which existed *en route* to Brooklyn Central Booking; furthermore, the Police Officer driving the vehicle made sudden turns and stops all causing the plaintiff who was not properly seat belted in the vehicle to be thrown about the interior of the vehicle.

35. Plaintiff remained in excessively tight handcuffs with his hands rear cuffed in the back of the police vehicle for over 20 minutes.

36. The handcuffs were applied so tight that the plaintiff was in pain.

37. The handcuffs compressed nerves in the Plaintiff's wrists and caused plaintiff pain.

38. Although the plaintiff complained of his pain and tight handcuffs to the Police Officers transporting him to Brooklyn Central Booking, the handcuffs were neither loosened nor adjusted.

39. The Plaintiff repeatedly complained of the pain he was suffering from the tight handcuffs and that he wanted the handcuffs to be loosened but the handcuffs were not loosened.

40. During his ride to Brooklyn Central Booking, the plaintiff JOVAN ORTIZ was thrown about the interior of the police vehicle while handcuffed; the reckless manner in which he was transported and the manner in which the officer drove the vehicle in which plaintiff was seated caused the handcuffs to compress his nerves in his wrists and caused plaintiff pain.

41. Upon arrival at Brooklyn Central Booking the Plaintiff complained "I cannot move my wrist." Plaintiff further complained of left hand numbness, weakness and wrist drop. He further complained of distal left arm coldness.

42. Plaintiff requested medical attention and Emergency Medical Services were summoned to Brooklyn Central Booking and he was transported to SUNY Downstate Medical Center Long Island College Hospital ("LICH") by EMS with Police Officer COLLINS Shield No. 4567 accompanying him to the hospital.

43. At LICH the plaintiff was examined tested and treated by physicians in the Emergency Department and a neurological consult was obtained by the Emergency Department physicians who tested his wrist, fingers and forearms and proximal muscles including bicep, tricep, bracioradialis.

44. As a result of being handcuffed too tightly and for an excessive length of time and as a result of the failure to have properly restrained the plaintiff with seat belts he was diagnosed with peripheral neuropathy.

45. An examining neurologist at LICH described that because of the position in which plaintiff was handcuffed compression to the nerves located in the wrist extensor and constriction of the wrist could cause hand sensory changes and median/ulnar nerve damage.

46. Plaintiff thereafter was seen by other treating physicians who diagnosed him as having Wrist Drop and Traumatic Neuropathy for which he was prescribed neurological consults and physical therapy; his left arm was casted and placed in a sling; further examination; he suffered left median and radial nerve injury; nerve wrist pressure neuropathy and decreased motor and sensory function to his wrist; fingers and to his left hand.

47. Plaintiff suffered fear and mental anguish as well as the above mentioned physical injuries as a result of the excessive force that was applied against him during his arrest.

### FIRST CLAIM
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

49 Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of her rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person, including the excessive use of force

51. Defendants' deprivation of plaintiffs constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## SUPERVISORY LIABILITY
## FOR DEPRIVATION OF RIGHTS UDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS THROUGH 42 U.S.C. § 1983

52. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. By failing to remedy the wrongs committed by their subordinates, in failing to properly train, screen, supervise or discipline their subordinates, and by personally participating in and ordering the constitutional injuries set forth above, SUPERVISORY OFFICER ROE 1 and 2 caused damage and injury in violation of plaintiff s rights guaranteed under the Fourth, Fifth and Fourteenth Amendments, as secured through 42 U.S.C. § 1983.

54. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional injury, loss of the enjoyment of daily life costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM
## FAILURE TO INTERVENE FIRST, FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS THROUGH 42 U.S.C. § 1983

55. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein. Members of the NYD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the Police Department or other law enforcement agency employing unjustified and excessive force against a civilian.

56. Defendants P.O. BENNY LANTIGUA, POLICE OFFICER COLLINS Shield No. 4567, P.O. DOE 1 through 5, and SUPERVISORY OFFICER ROE 2 were present for the above-described incident and witnessed another defendant use improper handcuffing procedures and excessively tighten the handcuffs upon the plaintiff

57. Defendant's use of force against plaintiff was obviously excessive and unjustified under the circumstances yet defendants P.O. BENNY LANTIGUA, POLICE OFFICER COLLINS Shield No. 4567 and P.O. DOE 1 through 5, and SUPERVISORY OFFICER ROE 2 failed to take any action or make any effort to intervene, halt or protect the plaintiff from being subjected to excessive force by other individual defendants.

58. Defendants P.O. BENNY LANTIGUA, POLICE OFFICER COLLINS Shield No. 4567; P.O. DOE 1 through 5, and SUPERVISORY OFFICE ROE 2's violations of plaintiffs constitutional rights by failing to intervene in other defendants' clearly unconstitutional use of force and clearly unconstitutional arrest of plaintiff resulted in the injuries and damages set forth above.

**FOURTH CLAIM**
***MONELL* CLAIM AGAINST DEFENDANT CITY**
**FOURTH, AND FOURTEENTH AMENDMENTS**
**THROUGH 42 U.S.C. § 1983**

59. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

60. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the CITY which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of the defendant CITY and its agency, the NYPD.

61. Defendant CITY and the NYPD, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the individual defendants' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to

continue.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the CITY and the NYPD. all under the supervision of ranking officers of the NYPD.

63 .The aforementioned customs, practices, procedures and rules of the CITY and the NYPD include, but are not limited to the following unconstitutional practices:

failure to train in the proper application of handcuffs including the manner and placement of the restraints; failure to inspect arrestees handcuffs to determine whether the handcuffs have been properly applied; failure to instruct and follow up with double locking procedures including evaluation of police officers handcuffing and reinstruction of officers who exhibit improper use of handcuff restraints during the arrest process; failure to instruct members of the service that they are responsible for their partners proper application of handcuffs and that the improper use of the handcuffs may be a violation of a suspects right to be free from the use of excessive and unconstitutional use of force.

The allegations in the above-referenced matters are hereby incorporated by reference into the complaint.

64. The existence of the above-described unlawful *de facto* policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy-making officer and officials of the NYPD and the CITY, including, without limitation, Commissioner Raymond Kelly.

65. All of the foregoing acts by defendants deprived the plaintiff of federally protected rights, including, but limited to, the constitutional rights enumerated in paragraphs "1" through "64" above.

66. Defendant CITY knew or should have known that the acts alleged herein would deprive the plaintiff of his rights, in violation of the Fourth, Fifth and Fourteenth

Amendments to the United States Constitution.

67. Despite knowledge of such unlawful *de facto* policies, practices and/or customs, these supervisory and policy-making officers and officials of the NYPD and the CITY, including Commissioner KELLY, have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who engage in such polices, practices and/or customs, or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanction and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices and/or customs upon the constitutional rights of persons in the City of New York.

68. The aforementioned CITY policies, practices and/or customs of failing to supervise, train, instruct and discipline police officers and encouraging their misconduct are evidenced by the police misconduct detailed herein. Pursuant to the aforementioned CITY policies, practices and/or customs, defendants failed to intervene in or report other defendants" violation of plaintiff's rights.

69. Plaintiffs injuries were a direct and proximate result of the defendant CITY and the NYPD's wrongful *de facto* policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the defendant CITY and the NYPD to properly supervise, train and discipline their police officers

70. Defendants, collectively and individually, while acting under color of law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of the plaintiffs constitutional rights.

71. As such, the CITY's policies, practices, omissions and failures described above were the moving forces behind the violations of plaintiff's constitutional rights.

## FIFTH CLAIM
### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR VIOLATIONS OF THE LAWS OF THE STATE OF NEW YORK

72. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73. The conduct of the individual defendants alleged herein, occurred while he or she was on duty and in uniform, and/or in and during the course and scope of his or her duties and functions as NYPD officers, and/or while he or she was acting as an agent and employee of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to plaintiff pursuant to the state common law doctrine of *respondeat superior*.

74. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM
### VIOLATIONS OF THE CONSTITUTION OF THE STATE OF NEW YORK

75.    Plaintiff incorporates by reference the allegations set forth in al! preceding paragraphs as if fully set forth herein.

76.    Defendants' conduct alleged herein breached the protections guaranteed to plaintiffs by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including the following rights freedom from unreasonable seizure of his person, including the excessive use of force

77.    Defendants' deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## SEVENTH CLAIM
### ASSAULT AND BATTERY UNDER THE LAWS OF THE STATE OF NEW YORK

78.    Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

79. By the actions described above, defendants did inflict assault and battery upon plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### EIGHTH CLAIM
### INTENTIONAL AND NEGLIGENT
### INFLICTION OF EMOTIONAL DISTRESS
### UNDER THE LAWS OF THE STATE OF NEW YORK

81. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

82. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

83. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### NINTH CLAIM
### NEGLIGENCE
### UNDER THE LAWS OF THE STATE OF NEW YORK

84. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

85. The defendants, jointly and severally, negligently caused injuries, emotional distress

and damage to the plaintiff.

86. The defendants, jointly and severally, had a duty to act with reasonable care for the safety of the plaintiff under the circumstances.

87. The defendants, jointly and severally, by their acts and solely due to their acts and omissions caused injury to the plaintiff.

88. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff through no fault of the plaintiff contributing thereto; the aforesaid acts of the defendants violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

### THIRTEENTH CLAIM
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING

89. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

90. Defendant CITY negligently hired, screened, retained, supervised, and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

91. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

92. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

93. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York. New York
August 2, 2013

Respectfully submitted.

PAUL THOMAS LAYTON (PTL 9242)
ATTORNEY FOR PLAINTIFF
OFFICE & PO ADDRESS
30 Vesey Street (Suite 1803)
New York, New York 10007
212-227-1104